UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAIFA AL-QAWIE,

    Plaintiff,

v.

                                  Case No. 20-cv-12248
                                  Hon. Matthew F. Leitman

TEVA PHARMACEUTICALS USA, INC., *et al.*,

    Defendants.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO STAY PROCEEDINGS (ECF No. 19)

On August 19, 2020, Plaintiff Haifa Al-Qawie filed this action against Defendant Teva Pharmaceuticals USA, Inc. and others (*See* Compl., ECF No. 1; Am. Compl., ECF No. 8.) Al-Qawie alleges that she suffered injuries arising out of the use (and removal) of Defendants' ParaGard Intrauterine Device (the "ParaGard IUD"). (*See id.*)

Al-Qawie's action is one of over 50 lawsuits pending in courts across the country arising out of the use of the ParaGard IUD. (*See* Mot. to Stay, ECF No. 19, PageID.371.) On September 24, 2020, one such plaintiff filed a motion before the United States Judicial Panel on Multidistrict Litigation (the "MDL Panel") asking that all of the cases arising out of the use of the ParaGard IUD be consolidated in a single action in the United States District Court for the Central District of California (the "MDL Motion"). (*See* MDL Motion, ECF No. 19-1.) Al-Qawie's action is one

1

of the 55 lawsuits that the plaintiff in the MDL Motion has asked to be included in any consolidation order. (*See* ECF No. 19-2, PageID.103.)

On October 22, 2020, Al-Qawie filed a motion asking this Court to stay her action pending the resolution of the MDL Motion. (*See* Mot. to Stay, ECF No. 19.) Defendants oppose the motion to stay. (*See* Resp. to Mot. to Stay, ECF No. 22.) Defendants explain that they oppose Al-Qawie's motion because "they will oppose" the MDL Motion. (*Id.*, PageID.421.)

The Court concludes that a short stay of proceedings while the MDL Panel considers and rules upon the MDL Motion is appropriate. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-55, (1936). Moreover, "[c]ourts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *State v. United States Environmental Protection Agency*, 2015 WL 5117699, at *2 (S.D. Ohio Sept. 1, 2015) (granting motion to stay pending decision on motion to consolidate). *See also Birchett, Jr. v. Apartment Inv. and Mgmt. Co.*, 2007 WL 4569713 (E.D. Mich. Dec. 26, 2007) (same). Here, judicial efficiency and economy support a stay. In this matter, as in several others involving the ParaGard IUD, there is a motion to dismiss pending. If this action is to be consolidated before a different court, that court would be in the

2

best position to resolve the motions to dismiss in an efficient, consistent, and authoritative fashion. Moreover, a short stay of proceedings will not unduly prejudice the Defendants. This case is in the early stages, and the MDL Panel should be able to issue a prompt ruling on the MDL Motion.

For all of these reasons, and the reasons explained in Al-Qawie's motion, the motion to stay proceedings (ECF No. 19) is **GRANTED**. This action is **STAYED** pending further order of the Court. The parties shall promptly inform the Court as soon as a decision is made on the MDL Motion. If the MDL Motion is denied, the Court will convene a status conference to discuss lifting the stay and setting a new briefing schedule with respect to Defendants' motion to dismiss.

**IT IS SO ORDERED**.

Dated: October 26, 2020

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 26, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764